# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Juan Rivera,

    Petitioner,

v.

Brian Williams, et al.,

    Respondents.

Case No. 2:19-cv-288-APG-BNW

**ORDER**

(ECF Nos. 14, 15)

Petitioner Juan Rivera has filed a Motion for Stay and Abeyance (ECF No. 14) and a Motion for Extension of Time (ECF No. 15). The motions indicate that the respondents do not oppose. For the reasons discussed below, I deny a stay and abeyance without prejudice and grant Rivera an extension of time to file an amended petition.

**BACKGROUND**

Rivera challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada.[1] *See State of Nevada v. Rivera*, Case No. C-10-266494. In April 2015, he entered an *Alford* plea to one count of sexual assault and a guilty plea one count of murder. ECF No. 7. On June 4, 2015, the state court entered an amended judgment of conviction,[2] sentencing Rivera to 20 years to life for the sexual assault charge and life without the possibility of parole for the murder charge. Rivera did not file a direct appeal. However, he

---

[1] I take judicial notice of the proceedings in Rivera's criminal and post-conviction matters in the Eighth Judicial District Court and Nevada Court of Appeals. The docket records of these courts may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[2] The original judgment of conviction was entered the previous day.

unsuccessfully litigated a petition for writ of habeas corpus ("state petition") before the state court and Nevada Court of Appeals.

Rivera initiated this habeas proceeding in February 2019 and filed a *pro se* federal petition on May 15, 2019. ECF No. 7. Upon initial screening of the petition, I granted Rivera's request for appointment of counsel and provisionally appointed the Federal Public Defender to represent him in all federal proceedings related to this matter. ECF No. 8. Once counsel filed a notice of appearance, I issued a scheduling order giving Rivera 60 days to file an amended petition or other appropriate relief. ECF No. 11. A 91-day extension of time was granted on Rivera's request, which set a new deadline of January 6, 2020. ECF No. 13.

**DISCUSSION**

Rivera now seeks a stay and abeyance so he may litigate a post-conviction petition ("DNA petition")[3] in state court requesting a genetic marker analysis, *i.e.*, DNA testing, of evidence related to the sexual assault. He asserts that DNA testing will allow him to prove his actual innocence of the sexual assault. In the alternative, Rivera requests a 91-day extension of time from January 6 until April 6, 2020, to file an amended petition.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the district courts' discretion to facilitate habeas petitioners' return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C.

---
[3] Rivera's motion for extension of time states that counsel filed the DNA petition in state court on January 2, 2020.

2

> § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277 (emphasis added). The *Rhines* court further held that a district court would likely abuse its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). This court has declined to prescribe the strictest possible standard for issuance of a stay. *See*, *e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416–17 (2005)). Ineffective assistance of post-conviction counsel or a lack of counsel can also constitute good cause. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017); *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014).

Rivera's motion asserts that his trial attorney failed to request DNA testing despite the existence of DNA and Rivera's insistence that he did not sexually assault the victim. He argues:

> Had the DNA testing been done, Rivera would have been excluded as the perpetrator of any sexual assault. Had the sexual assault charge been lifted, the state would not have had any legal basis on which to seek the death penalty. Had the state not sought the death penalty, Rivera would not have pled guilty and been sentenced to life without the possibility of parole.

3

ECF No. 14 at 3. Rivera insists that DNA testing would definitively prove his innocence. Because the outcome of his DNA petition in state court will directly impact the claims for relief or procedural arguments Rivera will be able to raise in federal court, Rivera requests a stay and abeyance.

Rivera's motion does not explain what "good cause" exists for his "failure to exhaust his claims first in state court." *See Rhines*, 544 U.S. at 277. The *pro se* petition does not allege actual innocence either as a standalone claim or a so-called "gateway claim" under *Schlup v. Delo*, 513 U.S. 298 (1995).[4] The petition alleges three claims of ineffective assistance of counsel based on trial counsel's (1) failure to seek a DNA expert before Rivera entered his plea, (2) failure to file a meritorious motion to suppress Rivera's in-custody admissions, and (3) failure to seek a psychological evaluation of Rivera pre-plea. Because the petition lacks allegations of actual innocence, I am unable to review the purportedly unexhausted grounds and determine whether such grounds are "plainly meritless." Rivera was represented by counsel during the post-conviction proceedings before the state court and the Nevada Court of Appeals. Although the motion addresses the potential significance of the DNA evidence and testing, it does not assert that post-conviction counsel's failure to develop or pursue the legal or factual basis for an actual innocence claim was ineffective. Under these circumstances, I cannot determine whether Rivera has engaged in intentionally dilatory litigation tactics. Accordingly, I deny Rivera's motion for a stay and abeyance without prejudice.

---

[4] *See Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) (A "credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits.").

Turning to Rivera's alternative request for extension of time to file an amended petition, I find good cause to grant the request.

I THEREFORE ORDER that petitioner Juan Rivera's Motion for Stay and Abeyance **(ECF No. 14) is DENIED without prejudice**.

I FURTHER ORDER that Rivera's Motion for Extension of Time **(ECF No. 15) is GRANTED**. Rivera has until April 6, 2020, to file an amended petition for writ of habeas corpus.

Dated: January 13, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE