UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUAN RIVERA,

               Petitioner,

v.

BRIAN WILLIAMS, et al.,

               Respondents.

Case No. 2:19-cv-00288-APG-BNW

**ORDER**

(ECF No. 19)

Presently before me is petitioner Juan Rivera's Response (ECF No. 18) to my Order to Show Cause ("OSC") (ECF No. 16) and his Motion for Reconsideration (ECF No. 19). The respondents did not oppose and the deadline to do so has now expired.

**BACKGROUND**

Rivera's federal habeas petition challenges a 2015 conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada. *See State of Nevada v. Rivera*, Case No. C-10-266494. Rivera initiated this habeas proceeding in February 2019 and filed a *pro se* federal petition on May 15, 2019. ECF Nos. 1, 7. The Federal Public Defender was appointed to represent Rivera upon initial screening, and a scheduling order was issued allowing him to file a counseled amended petition or seek other appropriate relief. ECF Nos. 8, 11. In January 2020, Rivera filed a post-conviction petition ("DNA petition") in state court requesting DNA testing of evidence related to the sexual assault. ECF No. 20-1. Days later he moved for a stay and abeyance in this case to allow him to first litigate the DNA petition. ECF No. 14.[1]

Upon further review of Rivera's petition and state docket records, I determined that Rivera filed his petition nearly six months after the expiration of the limitations period

established by the Antiterrorism and Effective Death Penalty Act (AEDPA), absent another basis for tolling or delayed accrual. ECF No. 16. I ordered Rivera to show cause why his petition should not be dismissed with prejudice as time-barred. *Id.* I also denied without prejudice Rivera's motion for stay and abeyance because he failed to provide good cause for his failure to exhaust his claims in state court. ECF No. 17 at 4.

In his OSC Response, Rivera ostensibly acknowledges that his petition was not timely filed, but asserts that he can overcome any procedural defaults by demonstrating that he is actually innocent under *Schlup v. Delo*, 513 U.S. 298 (1995). ECF No. 18. Although he currently does not possess specific evidence why his petition should not be dismissed as untimely, he intends to obtain such evidence via the DNA petition. His motion for reconsideration clarifies that the DNA petition aims to overcome the time-bar of his federal petition under *Schlup*, not to exhaust a constitutional claim under *Rhines v. Weber*, 544 U.S. 269 (2005).

## **DISCUSSION**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify" an order for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (citation omitted). Rule 54 of the Federal Rules of Civil Procedure also permits district courts to reconsider and amend a previous order. *See* Fed. R. Civ. P. 54(b). However, reconsideration is "an extraordinary remedy, to be used sparingly and in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Absent highly unusual circumstances, a motion for reconsideration will be granted only where "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error

or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1(a); *see also Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).  A movant seeking reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood," or any "[c]hanges in legal or factual circumstances." LR 59-1(a). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890; LR 59-1(b) ("A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.").

Rivera's original motion (ECF No. 14) did not cite legal authorities for a stay, nor specify that the DNA petition was filed to overcome any procedural bars to his federal petition.  Instead, Rivera simply argued that the outcome of the DNA petition will directly impact his federal "*claims for relief and/or procedural arguments*," thus, he had shown good cause for a stay. *Id.* at 2 (emphasis added).  Rivera's OSC response and motion for reconsideration now specify the purpose of the DNA petition in relation to his federal habeas case.  This is an unusual—albeit avoidable—situation warranting reconsideration of the prior order.  Counsel are responsible for making specific citation to legal precedent and facts supporting their requests, rather than vague statements of good cause shown. *See United States v. Sineneng-Smith*, --- U.S. ----, 140 S. Ct. 1575, 1579 (2020) (noting that "parties represented by competent counsel … 'are responsible for advancing the facts and argument entitling them to relief'") (quoting *Castro v. United States*, 540 U.S. 375, 381–383 (2003)).  Adherence to this principle avoids duplication of both judicial and party resources and unnecessary delay.

Rivera does not seek a stay to exhaust claims in a mixed petition, so *Rhines* does not directly govern this situation.  *Rhines* does not rule out stays in other contexts. 544 U.S. at 276

("AEDPA does not deprive district courts of [their] authority" to issue stays, although "it does circumscribe their discretion" such that a stay and abeyance "must be compatible with AEDPA's purposes") (citation omitted).  The Supreme Court has confirmed that AEDPA did not deprive federal district courts of "'authority to issue stays, where such a stay would be a proper exercise of discretion'." *Ryan v. Gonzales*, 568 U.S. 57, 73–74 (2013) (quoting *Rhines*, 544 U.S. at 276, and citing *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935) (explaining that a district court may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice")).

The requested stay is appropriate here.  A stay will allow Rivera to finish litigating the DNA petition—an already-commenced state proceeding that may have a bearing on the AEDPA limitation period implicated in this federal proceeding. *See, e.g.*, *Zakouto v. Baca*, No. 3:17-cv-0046-LRH-VPC, 2018 U.S. Dist. LEXIS 75683, at *2 (D. Nev. May 4, 2018) (granting stay to allow petitioner to litigate his state petition to retest DNA evidence).  The stay is not indefinite and it will promote judicial efficiency; thus, the stay is aligned with AEDPA's purposes.  The respondents did not oppose the stay, and it appears that a stay will not harm their interests.  For these reasons, requested stay furthers the interests of justice and does not unduly impair the interests of finality, efficiency, and comity served by AEDPA.

**I THEREFORE ORDER:**

1. Petitioner Juan Rivera's Motion for Reconsideration **(ECF No. 19) is GRANTED**.
2. Rivera has satisfied the show cause order (ECF No. 16), demonstrating that dismissal is not appropriate at this time because he is currently litigating the DNA petition to obtain evidence to overcome the time-bar of his federal petition.
3. This action is **STAYED** pending further order of this court.

4

4. The stay is conditioned upon Rivera litigating his DNA petition in state court and returning to federal court with a motion to reopen within 45 days of (i) the conclusion of the state court proceedings, or (ii) issuance of a remittitur by the Supreme Court of Nevada or Nevada Court of Appeals for any related appeal.

5. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

Dated: May 26, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE